**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARLOS ALBERTO ESPINAL,<br><br>　　　Plaintiff,<br><br>vs.<br><br>EXITO JC INC., aka EXITO FRESH MARKET, JOHN DOE CORPORATIONS 1 THROUGH 10, AND OTHER JOHN DOE ENTITIES 1 THROUGH 10, and all other affiliated entities and/or joint employers ,all whose true names are unknown, TANUJA PATEL, individually, BINDITA PATEL, individually, JAYESH PATEL, individually, PIYUSH PATEL, individually, and JOHN and JANE DOES 1 THROUGH 10,  individually, all of whose true names are unknown,<br><br>　　　Defendants. | Civil Action No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff CARLOS ALBERTO ESPINAL ("Plaintiff" or "Named Plaintiff" or "Espinal"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Class and Collective Action Complaint against Defendants, EXITO JC INC., aka EXITO FRESH MARKET ("Exito JC"), JOHN DOE CORPORATIONS 1 THROUGH 10, AND OTHER JOHN DOE ENTITIES 1 THROUGH 10, and all other affiliated entities and/or joint employers (collectively "John Doe Corporate Defendants"), TANUJA PATEL ("Tanuja") BINDITA PATEL ("Bindita"), JAYESH PATEL("Jayesh"), PIYUSH PATEL ("Piyush") JOHN and JANE DOES 1 THROUGH 10 ("John and Jane Does")(collectively "Defendants"), and alleges as follows:

**INTRODUCTION**

1

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective and class action on behalf of himself and all other persons similarly situated – non-exempt "supermarket laborers"- who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b) and as a class action pursuant to Fed.R.Civ.P. Rule 23 and the NJWHL.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt supermarket labor duties for Defendant Exito JC, in Jersey City, New Jersey. This Defendant is therefore within the jurisdiction and venue of this Court.

7. Upon information and belief, at all times material hereto, employees similarly situated to Plaintiff, non-exempt supermarket laborers, also performed work for Defendant John Doe corporations 1-10, and/or John Doe entities 1-10.

8. At all times pertinent to this Complaint, the corporate Defendants were and are enterprises engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Upon information and belief, corporate Defendants operate a retail grocery store with several locations throughout New Jersey, buying and selling products that move through interstate commerce.

9. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for the corporate defendants' consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## **PARTIES**

10. Plaintiff Espinal is an adult individual who is a resident of Jersey City, Hudson County, New Jersey.

11. Plaintiff Espinal was employed by Defendants full time as a non-exempt laborer, from in or about September 2016, to in or about February 1, 2019.

12. Upon information and belief, the Defendant, Exito JC, is headquartered in Jersey City, New Jersey.

13. Upon information and belief, at all times relevant to this Complaint, the Defendant Exito JC, employs individuals to perform labor services on behalf of the Defendant Exito JC.

14. Upon information and belief, at all times relevant to this Complaint, the Defendant Exito JC's, annual gross volume of sales made or business done was not less than $500,000.00.

15. Upon information and belief, the Defendants John Doe Corporations 1 through 10 are corporations, the names and addresses of residences of which are unknown.

16. Upon information and belief, Defendants John Doe Entities 1 through 10 and all other affiliated entities and/or joint employers, are other legal entities, the names and addresses of residences of which are unknown.

17. Upon information and belief, the Corporate John Doe Defendants own and/or maintain a retail grocery store with several locations throughout New Jersey.

18. Upon information and belief, the Corporate John Doe Defendants are headquartered in New Jersey.

19. Upon information and belief, at all times relevant to this Complaint, the Corporate Defendants employ individuals to perform labor services on behalf of the Defendants.

20. Upon information and belief, at all times relevant to this Complaint, the Corporate Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

21. Upon information and belief, Individual Defendant Tanuja Patel is a New Jersey state resident.

22. Upon information and belief, at all times relevant to this Complaint, individual Defendant Tanuja has been an owner, partner, officer and/or manager of Defendants Exito JC, and Corporate John Doe Defendants.

23. Upon information and belief, at all times relevant to this Complaint, individual Defendant Tanuja has had power over personnel decisions at the Defendants', Exito Corporate John Doe Defendants

24. Individual Defendant Tanuja was regularly present at Defendants' Exito JC and Corporate John Doe Defendants' premises, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

25. Upon information and belief, Individual Defendant Bindita Patel is a New Jersey state resident.

26. Upon information and belief, at all times relevant to this Complaint, individual Defendant Bindita has been an owner, partner, officer and/or manager of the Defendants Exito JC, and Corporate John Doe Defendants.

27. Upon information and belief, at all times relevant to this Complaint, individual Defendant Bindita has had power over personnel decisions at the Defendants', Exito JC, and Corporate John Doe Defendants.

28. Individual Defendant Bindita was regularly present at Defendants' Exito JC, and Corporate John Doe Defendants' premises, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

29. Upon information and belief, Individual Defendant Jayesh Patel is a New Jersey state resident.

30. Upon information and belief, at all times relevant to this Complaint, individual Defendant Jayesh has been an owner, partner, officer and/or manager of the Exito JC and Corporate John Doe Defendants.

31. Upon information and belief, at all times relevant to this Complaint, individual Defendant Jayesh has had power over personnel decisions at the Defendants' Exito JC and Corporate John Doe Defendants' business.

32. Individual Defendant Jayesh was regularly present at Defendants' Exito JC and Corporate John Doe Defendants' premises, and managed the day to day operations, controlled the

employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

33. Upon information and belief, Individual Defendant Piyush Patel is a New Jersey state resident.

34. Upon information and belief, at all times relevant to this Complaint, individual Defendant Piyush has been an owner, partner, officer and/or manager of the Defendants Exito JC and Corporate John Doe Defendants.

35. Upon information and belief, at all times relevant to this Complaint, individual Defendant Piyush has had power over personnel decisions at the Defendants' Exito JC and Corporate John Doe Defendants business.

36. Individual Defendant Piyush was regularly present at Defendants' Exito JC and Corporate John Doe Defendants' premises, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

37. Upon information and belief, Defendants John and Jane Does 1 through 10 (the "Individual Defendants") are individuals whose name and addresses of residences of which are unknown.

38. Upon information and belief, at all times relevant to this Complaint, Defendants John and Jane Does 1 through 10, have been an owner(s), partner(s), officer(s) and/or manager(s) of the Corporate Defendants.

39. Upon information and belief, Defendants John and Jane Does 1 through 10, have had power over personnel decisions at the Corporate Defendants' business, including the management of day to day operations, control over employee pay practices and the power to

change same, and the power to hire and fire employees, set their wages, and otherwise control the term.

## **CLASS AND COLLECTIVE ALLEGATIONS**

40. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

41. This action is brought on behalf of Named Plaintiff and a putative collective class consisting of similarly situated employees who performed work for Defendants.

42. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week, pursuant to 29 U.S.C. § 207.

43. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 75 employees. In addition, the names of all potential members of the putative class are not known.

44. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and the putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of Defendants' actions.

45. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' locations.

46. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

48. This action is properly maintainable as a collective action pursuant to § 216(b) of the FLSA.

49. Plaintiff's claims under the NJWHL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

50. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## **FACTS**

51. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for all hours he worked in a work week.

52. Plaintiff worked six (6) days per work week, sixty (60) hours per week.

53. Plaintiff Espinal was paid approximately in cash $575.00 per workweek, unless he missed a work day, in which case her weekly wage was reduced.

54. Upon information and belief, Plaintiff Espinal was not compensated for the twenty (20) hours of overtime he worked almost every workweek.

55. Defendants kept handwritten time, which documented Plaintiff's 10 hours per day of work time, and which Plaintiff was forced to sign daily.

56. Although there are cameras in each of the Defendants' stores, these cameras do not include footage of Defendants' laborers entry to and exit from work.

57. Plaintiff's job duties included, but were not limited to unloading and loading deliveries, and putting products on the shelves.

58. Plaintiff's job duties were neither managerial in nature nor did they involve any discretion over major decisions involving Defendants' business.

59. Upon information and belief, like Plaintiff, employees similarly situated to Plaintiff Espinal, were also compensated improperly by Defendants.

60. Upon information and belief, Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

61. At all times material hereto, Plaintiff Espinal and all similarly situated employees, were performing their duties for the benefit of and on behalf of Defendants.

62. This cause of action is brought to recover from Defendants, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

63. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff Espinal performed services and labor for Defendants for which Defendants made no provision to pay

Plaintiff Espinal and other similarly situated employees compensation to which they were lawfully entitled for those hours worked in excess of forty (40) within a work week.

64.     The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods, on or after February 19, 2016.

65.     Plaintiff Hampton has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff Espinal is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

66.     Plaintiff Espinal re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 65 above.

67.     Plaintiff Espinal is entitled to be paid additional compensation for each overtime hour worked per work period.

68.     Defendants knowingly and willfully failed to pay Plaintiff Espinal at time and one half of his regular rate of pay for her overtime hours worked in a work period.

69.     All similarly situated employees of the Defendants are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

70.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff Espinal and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

71. As a result of Defendants' willful violations of the Act, Plaintiff Espinal and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

72. Plaintiff Espinal re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 71 above.

73. Defendants' aforementioned conduct is in violation of the NJWHL.

74. As a direct and proximate cause of Defendants' actions, Plaintiff Espinal and those similarly situated employees suffered damages, including but not limited to past, lost earnings.

## JURY TRIAL

75. Plaintiff Espinal and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, CARLOS ALBERTO ESPINAL, and those similarly situated employees, demand judgment, against Defendants EXITO JC INC., aka EXITO FRESH MARKET, JOHN DOE CORPORATIONS 1 THROUGH 10, AND OTHER JOHN DOE ENTITIES 1 THROUGH 10, and all other affiliated entities and/or joint employers, all whose true names are unknown, TANUJA PATEL, individually, BINDITA PATEL, individually, JAYESH PATEL, individually, PIYUSH PATEL, individually, and JOHN and JANE DOES 1 THROUGH 10, individually, all of whose true names are unknown, for the payment of overtime hours due them, for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: March 4, 2019                              Respectfully submitted,

                                                           /s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*